IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 2:98-CR-80-WKW [WO] |
| ) | |
| LARRY BROOKS ) | |

### MEMORANDUM OPINION AND ORDER

On September 22, 2010, the Clerk of the Court received a document, titled "This is a notice of apeal [sic]," from Defendant Larry Brooks. (Doc. # 50.) Proceeding *pro se*, Mr. Brooks indicates that he has reviewed the court's decision rendered on August 18, 2010, regarding a "request for sentance [sic] reduction, based on the crack law."[1] (Doc. # 50, at 1.) He requests this court to reconsider that Order because he has a changed attitude and "[a] lot to offer the community and to schools of all grades." (Doc. # 50, at 1.) Because no order was entered in Mr. Brooks's criminal case on August 18, 2010, it is presumed that Mr. Brooks is referring to the Order entered June 21, 2010. (Doc. # 49.) In that Order, upon its own motion, the court denied Mr. Brooks a sentencing reduction, pursuant to 18 U.S.C. § 3582(c)(2). Moreover, because Mr. Brooks is proceeding *pro se*, the notice of appeal will be construed in his favor as a motion for reconsideration of the June 21, 2010 Order. *See Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (holding that courts may liberally construe *pro se* pleadings). Nonetheless, for the reasons to follow, the motion must be denied for lack of jurisdiction.

---

[1] The court assumes that Mr. Brooks's reference to "request" is to the Retroactivity Screening Panel's recommendation, discussed *infra*, as Mr. Brooks made no request for reduction.

## I.  BACKGROUND

In 1998, Mr. Brooks was convicted on one count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  Mr. Brooks's guidelines range was 151 to 188 months, based upon an offense level of 21 and a criminal history category of VI, and he received a sentence of 170 months.

In 2007, the United States Sentencing Commission issued Amendment 706, which lowered the base offense levels applicable to crack-cocaine offenses, as set forth in the drug quantity table in § 2D1.1(c).  *See* U.S. Sentencing Guidelines Manual app. C, amend. 706 (2007).  Amendment 706 became retroactive on March 3, 2008.  *See* U.S. Sentencing Guidelines app. C, amend. 713 (Supp. March 3, 2008).

In response to Amendments 706 and 713, to efficiently and fairly manage sentence reductions, the judges of the Court approved appointment of a Retroactivity Screening Panel for the Middle District of Alabama.  The Panel consisted of representatives of the Court, the Office of the United States Attorney, the United States Probation Office, the Federal Defenders, and the Clerk's office.  The panel developed a master list of all defendants sentenced in this district who would potentially benefit from retroactive application of the sentencing guidelines and prioritized that list chronologically so as to address promptly those defendants whose sentences were near completion.  Notwithstanding the work of the panel, however, the presiding judge of each case retained full discretion to (1) grant or deny in whole or in part each request/motion for correction of sentence in the cases assigned to that

judge, and (2) determine the necessity of appointment of counsel and the need for a hearing in each case.

Pursuant to these procedures, most sentences, like Mr. Brooks's, were reviewed on motion of the court. In Mr. Brooks's case, the Retroactivity Screening Panel found that under Amendment 706, Mr. Brooks was eligible for a two-level reduction in his base offense level. It recommended a sentence of 146 months, based upon an amended guidelines range of 130 to 162 months. On June 11, 2010, acting on its own motion pursuant to § 3582(c)(2), the court entered an Order Regarding Motion for Sentence Reduction Pursuant to § 3582(c)(2) ("Order"). (Doc. # 49.) In that Order, the court rejected the recommendation of the Retroactivity Screening Panel, and exercised its discretion not to reduce Mr. Brooks's sentence based upon his criminal history and consideration of the relevant sentencing factors, *see* 18 U.S.C. § 3553(a). (Doc. # 49.) No new information was relied upon by the court in reaching this determination. Mr. Brooks promptly was served with the Order. (*See* Doc. # 49 (receipt display).)

## II. DISCUSSION

The sole issue is whether this court has jurisdiction to reconsider its June 21, 2010 Order denying, on its own motion, a § 3582(c)(2) sentence reduction for Mr. Brooks, given that Mr. Brooks's motion for reconsideration was not filed until September 2010. Mr. Brooks does not address this jurisdictional issue, but this court is required to do so. *See United States v. Hays*, 515 U.S. 737, 742 (1995) ("The federal courts are under an independent obligation to examine their own jurisdiction."). The Eleventh Circuit's decision

in *United States v. Phillips*, 597 F.3d 1190 (11th Cir. 2010), dictates the outcome in this matter and explains why jurisdiction is lacking.  Before discussion of *Phillips*, however, it is helpful to set out the well-established parameters of a § 3582(c)(2) proceeding.

**A.**     **Section 3582(c)(2): Generally**

Section 3582(c)(2) provides that

> the court may not modify a term of imprisonment once it has been imposed except that – . . . (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.*  Under § 3582(c)(2), a defendant may have his or her sentence reduced if the sentence is "'based on a sentencing range that has subsequently been lowered [by Amendment 706],'" but only when "'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'"  *United States v. Webb*, 565 F.3d 789, 793 (11th Cir. 2009) (quoting § 3582(c)(2)).  Moreover, a district court retains jurisdiction to deny *sua sponte* a defendant's sentence reduction pursuant to § 3582(c)(2) and Amendment 706.  *United States v. Butler*, 324 F. App'x 780, 782 (11th Cir. 2009).

A § 3582(c)(2) proceeding "is not a full resentencing hearing."  *United States v. Melvin*, 556 F.3d 1190, 1193 (11th Cir.), *cert. denied*, 129 S. Ct. 2382 (2009).  Hence, a district court "in a § 3582(c) matter is not required to have a sentencing hearing at all, a defendant need not be present, and a supplemental PSR is not required."  *Phillips*, 597 F.3d

4

at 1198 n.18.  A hearing is not compelled by either due process or the Federal Rules of Criminal Procedure.  *See United States v. Woods*, 327 F. App'x 170, 172 (11th Cir. 2009) ("[D]ue process does not mandate a hearing on a § 3582(c)(2) motion."); Fed. R. Crim. P. 43(b)(4) (The defendant's presence is not required at a § 3582(c)(2) proceeding.).  While a defendant in a § 3582(c)(2) proceeding "must be given notice of and an opportunity to contest new information relied on by the district court," the court "need not permit re-litigation of any information available at the original sentencing." *United States v. Jules*, 595 F.3d 1239, 1245 (11th Cir. 2010).  Additionally, "there is no statutory or constitutional right to counsel for a § 3582(c)(2) motion . . . ."  *Webb*, 565 F.3d at 795.

**B.**     *Phillips* **and Rule 35(a)**

The court now turns to *Phillips*, the Eleventh Circuit decision that provides the answer to the jurisdictional issue in this case.  In *Phillips*, the defendant had filed a *pro se* motion in the district court for a sentence reduction, pursuant to § 3582(c)(2) and an amendment to the sentencing guidelines that "provided for a two-level reduction in the base offense levels for most offenses involving cocaine base and at least one other controlled substance."  597 F.3d at 1191-92.  In a written order, the district court granted the motion, applied the sentencing guidelines used to calculate the original sentence, and reduced the defendant's sentence from 360 months to 324 months on the drug counts.  *Id.* at 1191.  Ten business days after the entry of the district court's order, the government filed a motion for reconsideration, arguing that Eleventh Circuit case law required application of the sentencing guidelines in effect when the § 3582(c)(2) motion was filed, and that those guidelines did not permit a

sentence reduction. *Id.* at 1193. Agreeing with the government, the district court granted the motion for reconsideration, set aside its prior order granting the defendant's § 3582(c)(2) motion for a sentence reduction, and reinstated the original sentence of 360 months on the drug counts. *See id.* at 1193-94. The defendant appealed.

On appeal, there was no dispute that the district court had clearly erred in granting the defendant's § 3582(c)(2) motion and reducing the defendant's sentence from 360 months to 324 months. *Phillips*, 597 F.3d at 1194. Rather, the issue was whether the district court had jurisdiction thirty-one days later to modify its order granting the sentence reduction upon the government's motion for reconsideration. Section 3582(c)(1)(B), the relevant subsection in *Phillips*, permits a district court to "'modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'"[2] *Id.* at 1195 & n.10 (quoting § 3582(c)(1)(B)). Because a statute was not relied upon by the parties, the focus was on Rule 35, in particular, Rule 35(a). *Id.* at 1195-6 & n.10.

The version of Rule 35(a) then in effect provided that, "'[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.'"[3] *Id.* at 1195-96 (quoting Fed. R. Crim. P. 35(a)). The Eleventh Circuit

---

[2] "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *Phillips*, 597 F.3d at 1194-95. Section 3582(c) permits modification in only three circumstances: (1) as permitted by statute or Rule 35, as noted above; (2) upon motion of the Bureau of Prisons in limited delineated circumstances; and (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission, as discussed *supra*. *See* § 3582(c); *Phillips*, 597 F.3d at 1194-95.

[3] Rule 35(a) was amended in 2009 to extend the time limit from seven days to fourteen days. *See Phillips*, 597 F.3d at 1196 n.11 (noting the 2009 amendment).

explained that Rule 35(a)'s time limit was jurisdictional, *see id.* at 1196, and that any attempt to amend a sentence after the expiration of Rule 35(a)'s prescribed time period was a "legal nullity," *id.* at 1197 (internal quotation marks omitted).  The government argued that Rule 35(a) did not apply to modifications of sentences imposed in § 3582(c)(2) proceedings, but the Eleventh Circuit disagreed.  *See id.* at 1197-99.  It explained that a § 3582(c)(2) proceeding "is a sentencing, albeit a truncated one[,]" for

> in a § 3582(c)(2) proceeding, the district court . . . : (1) determines if the applicable new amendment actually lowers the defendant's guidelines range; (2) if the amended range is lower, determines the sentence it would have imposed given the amended guidelines range, holding constant all other findings made at the original sentencing; and (3) decides whether to impose a new, reduced sentence or retain the original one.

*Id.* at 1198.  Based upon these conclusions, the Eleventh Circuit held that the district court lacked jurisdiction under Rule 35(a) to modify the defendant's sentence, imposed in a § 3582(c)(2) proceeding, thirty-one days after the sentencing.  *Id.* at 1199.

The Eleventh Circuit also held that a motion for reconsideration did not provide an independent jurisdictional basis to modify the defendant's § 3582(c)(2) sentence:  "Section 3582(c)(1)(B) does not include a ten-day motion for reconsideration as an exception to the sentence modification prohibition."  *Id.* at 1200; *see also United States v. Green*, 378 F. App'x 877, 878 n.2 (11th Cir. 2010) (Motions for reconsideration "do not apply in proceedings under § 3582(c)(2)." (citing *Phillips*, 597 F.3d at 1199-1200)).

Here, as in *Phillips*, because a motion has been made by the defendant for reconsideration of a § 3582(c)(2) sentencing order, Rule 35(a) provides the only potential

7

basis for relief.[4]  Mr. Brooks has not argued an arithmetical or technical error in the denial of a § 3582(c)(2) sentence reduction.  *See* Fed. R. Crim. P. 35(a).  Rather, his argument more closely resembles one of clear error in the denial of a § 3582(c) sentence reduction; however, based upon *Phillips*, Rule 35(a) does not confer jurisdiction on the court to reconsider or modify the June 21, 2010 Order.  Pursuant to Rule 35(a), which *Phillips* plainly held applies to § 3582(c)(2) proceedings, this court only had the power to correct clear error within fourteen days of entering its June 21, 2010 Order denying Mr. Brooks a sentence reduction, pursuant to § 3582(c)(2) and Amendment 706.  No action on the sentence was taken by the court within fourteen days.  And, Mr. Brooks's motion was filed some sixty days after the entry of the June 21, 2010 Order and, thus, well beyond the expiration of the fourteen-day period in Rule 35(a).  *See* Fed. R. Crim. P. 35(a).  The court lacks jurisdiction, therefore, to reconsider Mr. Brooks's sentence, no matter how his motion is styled.

**C.     *Phillips* and Rule 36**

*Phillips* also noted the inapplicability of Rule 36 of the Federal Rules of Criminal Procedure, given that neither party had argued that the district court's order was in need of a correction based upon a "clerical error."  *See* 597 F.3d at 1196 n.11.  Rule 36 provides that, "after giving any notice it considers appropriate, the court may at any time correct a clerical

---

[4] In other words, the Bureau of Prisons has not filed a motion, and this court already has ruled, on its own motion, that a sentence reduction based upon Amendment 706 is not warranted.  *See* § 3582(c); *see generally supra* note 2.  The government also has not filed a motion for a sentence reduction based upon substantial assistance, as provided in Rule 35(b) of the Federal Rules of Criminal Procedure.  Furthermore, as in *Phillips*, no statutory authority has been cited that would give this court authority to reconsider a § 3582(c)(2) sentencing order, and none has been found.

error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.  However, "Rule 36 may not be used 'to make a substantive alteration to a criminal sentence.'" *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) (quoting *United States v. Pease*, 331 F.3d 809, 816 (11th Cir. 2003)).

As in *Phillips*, Mr. Brooks has not argued that the June 21, 2010 Order denying him a sentence reduction contained a clerical error.  *See* 597 F.3d at 1196 n.12.  Rather, Mr. Brooks asks the court to reconsider the Order and to reduce his sentence based upon Amendment 706.  Because Mr. Brooks's request is one to substantively amend the Order, Rule 36 also does not provide a jurisdictional basis to reconsider or modify Mr. Brooks's sentence.

### III. CONCLUSION

For the foregoing reasons, the court is without jurisdiction to reconsider Mr. Brooks's sentence.  Accordingly, it is ORDERED that Mr. Brooks's motion (Doc. # 50) to reconsider the June 21, 2010 Order is DENIED.

DONE this 4th day of November, 2010.

                      /s/ W.  Keith Watkins
                UNITED STATES DISTRICT JUDGE